<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRUCE MCLAUGHLIN, : | |
| : | |
| Plaintiff, : | |
| : | **Civil Action No. 11-7325 (SRC)** |
| v. : | |
| : | **OPINION** |
| UNITED STATES OF AMERICA, : | |
| : | |
| Defendant. : | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court on the motion by Defendant United States of America ("Defendant" or the "Government") to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [docket entry 5]. <u>Pro se</u> Plaintiff Bruce McLaughlin ("Plaintiff" or "McLaughlin") has opposed the motion. The Court proceeds to rule on the motion without oral argument, pursuant to Rule of Civil Procedure 78. It has considered the papers filed by the parties. For the reasons that follow, the Court will grant Defendant's motion in its entirety and dismiss Plaintiff's claims with prejudice.

**I.    BACKGROUND**

This action arises out of medical care obtained by Plaintiff almost 34 years ago. On some date between May 31, 1978 and June 19, 1978, Plaintiff McLaughlin, who describes himself as a disabled veteran, underwent surgery at the Veterans Hospital in East Orange, New Jersey "to have 3 Knowles surgical pins w/retaining nuts, removed from [his] Service Connected (S/C) left

hip." (Compl. at 1.)¹ McLaughlin alleges that the surgery was performed incorrectly. Among other things, he alleges that the orthopedic surgeon, an employee of the Department of Veterans' Affairs ("VA"), reported that the attempted removal was unsuccessful and also that it was merely exploratory. According to the Complaint, rather than remove the pins, the unidentified surgeon trimmed the extruding portions of the pins. McLaughlin alleges that the surgeon committed malpractice by cutting the pins even with the femur, which would require extensive cutting and drilling to remove the pins at some later time, and by removing the pins' retaining nuts, which had prevented movement and shift of the pins. It appears that the pins were ultimately removed from McLaughlin's hip in or about October 1988 when McLaughlin underwent hip replacement surgery at a Veterans Hospital in Durham, North Carolina.

McLaughlin filed an administrative claim with the VA in 2010. It was denied on January 19, 2011 based on the expiration of the statute of limitations applicable to his medical malpractice claim. This action was filed on December 15, 2011.

The Complaint asserts two causes of action. It pleads for relief pursuant to the cause of action created by Federal Tort Claims Act, 28 U.S.C. § 1346(b), based on the alleged medical malpractice committed in connection with the 1978 surgery at the East Orange Veterans' Hospital. It also claims that Plaintiff's Fifth Amendment due process rights were violated in that the VA ignored evidence and denied McLaughlin the full disability benefits he deserved.

---

¹ Plaintiff alleges that the surgery occurred at some point during this roughly two-and-half-week time period in 1978 but does not identify an exact date. He claims that the operative report was destroyed "to hide what transpired during the surgery and to prevent [him] from filing a medical malpractice claim." (Compl. at 10.)

2

## II.  Discussion

### A.  Standards of Review

Defendant has argued that Plaintiff's FTCA medical malpractice claim fails to state a claim upon which relief may be granted and moves to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6).  It argues that the Court lacks subject matter jurisdiction over the due process claim and thus moves to dismiss that claim under Federal Rule of Civil Procedure 12(b)(1).  The Court will set forth the standard of review it must apply under each rule.

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'"  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

A Rule 12(b)(1) motion may attack subject matter jurisdiction on the face of the complaint or it may do so apart from any of the pleadings.  See Mortensen v. First Fed. Sav. & Loan Assoc., 549 F.2d 884, 891 (3d Cir. 1977) (drawing distinction between facial and factual attack on subject matter jurisdiction under Rule 12(b)(1)).  The latter type of challenge is known

as a factual attack on subject matter jurisdiction and seeks to dismiss a plaintiff's claim not based on a pleading deficiency but rather on the claim's failure to satisfy jurisdictional requirements. Id. In considering a factual Rule 12(b)(1) motion, the Court "can look beyond the pleadings to decide factual matters related to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2002); see also Carpet Group Int'l v. Oriental Rug Importers Assoc., 227 F.3d 62, 69 (3d Cir. 2000) (holding that, upon a factual attack on subject matter jurisdiction, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case."). The plaintiff bears the burden of persuasion to show subject matter jurisdiction exists when it is challenged under Rule 12(b)(1). Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991).

  **B. FTCA Claim**

Plaintiff's cause of action against the Government for the alleged medical malpractice of 1978 arises under the FTCA, which "subjects the United States to tort liability for negligence." Reo v. U.S. Postal Svc., 98 F.3d 73, 75 (3d Cir. 1996); see also 28 U.S.C. § 1346(b). The FTCA constitutes a limited waiver of sovereign immunity. United States v. Kubrick, 444 U.S. 111, 117-18 (1979). The statute's limitations period is a condition of that waiver and should be carefully construed "so as not to extend that limited waiver beyond that which Congress intended." Miller v. Phila. Geriatric Ctr., 463 F.3d 266, 270 (3d Cir. 2006); see also Kubrick, 444 U.S. at 117-18 (holding same). An FTCA claim "is barred unless it is presented to the appropriate federal agency 'within two years after such claim accrues.'" Miller, 463 F.3d at 270 (quoting 28 U.S.C. § 2401(b)). Federal law governs the determination of when an FTCA claim accrues. Id.

Though tort claims typically accrue at the time of injury, the Supreme Court has held that

the discovery rule applies to medical malpractice claims brought under the FTCA. Kubrick, 444 U.S. at 120. Under the discovery rule, FTCA medical malpractice claims accrue when the plaintiff knows of both the existence and the cause of his injury. Miller, 463 F.3d at 271. The courts have stressed, however, that "accrual does not await the point at which a plaintiff also knows that the acts inflicting the injury may constitute medical malpractice." Id. (citing Kubrick, 444 U.S. at 122).

Defendant correctly argues that it is clear from the face of the Complaint that, at least as early as 1984 (and perhaps sooner), McLaughlin was aware that the 1978 surgery had caused the injury of which he complains in this medical malpractice suit. Plaintiff alleges that in 1980, he sought further treatment for his hip at another facility because he did not trust the doctors at the East Orange, New Jersey Veterans Hospital to treat him. He expressly alleges that on two occasions in 1984 he advised the VA that he would consult an attorney regarding a medical malpractice claim. The administrative claim filed by Plaintiff states that for over 10 years, throughout the 1980s, he tried to "resolve this pin problem when I decided to find a VA hospital that could remove them." (Gov't Br., Ex. A at ¶ 3.) It is apparent from the facts asserted by Plaintiff himself in the Complaint and in the administrative filing that his medical malpractice claim, subject to a two-year statute of limitations, expired long before he filed his administrative claim in 2010 and, thereafter, initiated this lawsuit in 2011.

Plaintiff, indeed, seems to recognize the untimeliness of his claim. He raises the doctrine of equitable tolling in his Complaint and argues that it should apply because the VA lost his operative report, failed to make him aware of the process for filing an administrative claim and failed to supply him with the official form for initiating a claim. None of the reasons Plaintiff

5

offers for the delay in pursuing his medical malpractice claim warrant salvaging this FTCA action through the "extraordinary" remedy of equitable tolling. Santos v. United States, 559 F.3d 189, 197 (3d Cir. 2009).

The Third Circuit has held that while there are no bright-line rules governing when equitable tolling should apply, a court should take the circumstances of a case into account and consider the following questions: "(1) whether the [plaintiff] faced extraordinary circumstances that stood in the way of timely filing and (2) whether he or she exercised reasonable diligence." Pabon v. Mahony, 654 F.3d 385, (3d Cir. 2011) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005) and Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir.2003)). Equitable tolling, the Supreme Court has made clear, should be applied "sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). It has observed that court should be especially cautious in applying the doctrine to preserve a claim against the United States because "the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity." Id.

In this case, Plaintiff presents no facts that demonstrate that he attempted to pursue his claim diligently or was somehow prevented from doing so due to the actively misleading conduct of the Government. See, e.g., Santos, 559 F.3d at 197 (providing examples of circumstances that may warrant application of equitable tolling). He explains that throughout the 1980s, though he was aware of his injury and even suspected that malpractice had been committed in the 1978 surgery, he did not pursue a claim because his priority was addressing his medical problem and trying to have the pins removed and because he moved residences extensively during that time period. Assuming the truth of these facts, the Court does not regard them as impediments to

pursuing administrative and legal relief, much less extraordinary circumstances. As for Plaintiff's assertion that his operative file went missing, his unsubstantiated belief that the file was "destroyed" in an effort to conceal the malpractice does not demonstrate that he was prevented from seeking timely relief under the FTCA. Indeed, Plaintiff himself alleges that in 1984, he twice threatened to initiate a medical malpractice action against the VA, yet there is no indication that his failure to do so is in any way related to some scheme by the Government to mislead Plaintiff and dodge the threatened lawsuit. Finally, Plaintiff's contention that the statute of limitations should be tolled because the Government did not provide him with the Government's "SF-95" form for filing an administrative claim is simply incorrect. The law is clear that the filing of administrative claim under the FTCA, a jurisdictional prerequisite to a civil action,[2] may be accomplished by submitting to the appropriate agency "an executed Standard Form 95 *or other written notification of an incident*, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir. 1971) (quoting 28 C.F.R. § 14.2) (emphasis added). Nor is there any authority which would suggest that the Government, having been advised by McLaughlin of his intent to file a malpractice claim for the 1978 surgery, was under any obligation to inform McLaughlin of his remedies or supply him with the resources to pursue those remedies. Cf. Hedges v. United States, 404 F.3d 744, 752 (3d Cir. 2005) (rejecting equitable tolling to preserve viability of pro se plaintiff's claim against the Government, even though the Government had advised him to

---

[2] To institute a civil action against the United States under the FTCA, a plaintiff must have first filed an administrative claim with the federal agency allegedly responsible for the claimed injury and given that agency an opportunity to review the claim. 28 U.S.C. § 2675(a).

pursue relief under the wrong statute, and determining that it was "unwilling" to hold the Government responsible for informing individuals of legal and administrative remedies available to them).

There is, moreover, no indication that the Complaint could be amended to cure the defect in Plaintiff's FTCA claim. It is clearly barred by the statute of limitations. Thus, the Court will dismiss the FTCA claim with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (holding that dismissal without leave to amend is appropriate if amendment would be futile).

### C.     Fifth Amendment Due Process Claim

Plaintiff's claim for violation of his Fifth Amendment due process rights is predicated on the VA's decision with regard to the disability benefits for which Plaintiff applied. He alleges that his disability claims were "under-rated" and thus he was improperly denied benefits to which he was entitled. Other than such broad allegations, Plaintiff provides no further details about what claims he believes were improperly determined, what disability they relate to, when the claims were decided, or what the nature of his dispute is. In short, the due process claim fails to set forth a factual predicate sufficient to satisfy the Rule 8(a) pleading standard, as articulated by Twombly and Iqbal.

More fundamentally, however, the claim is not viable because this Court lacks jurisdiction over such an action, which seeks review of a claim for veterans benefits. See 38 U.S.C. § 511(a). The authority to make decisions regarding veterans benefits is vested exclusively in the VA Secretary. Id. Subject to certain exceptions, none of which apply here, the Secretary's decision "shall be final and conclusive, and may not be reviewed by any other official

or by any court, whether by an action in the nature of mandamus or otherwise." Id.  While the Veterans Judicial Review Act creates a procedure for judicial review of certain decisions made by the VA, such review may be conducted only by the United States Court of Appeals for the Federal Circuit.  See 38 U.S.C. § 7292.

    Plaintiff's claim, though couched as a constitutional due process claim, in fact challenges benefits determinations made by the VA.  This Court lacks jurisdiction to conduct such a review and accordingly will deny the claim with prejudice.

    An appropriate form of Order will be filed.


                            s/Stanley R. Chesler
                            STANLEY R. CHESLER
                            United States District Judge

Dated: April 20, 2012